# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-331
Lower Tribunal Nos. 13-10056 SP & 20-279 AP

_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Millennium Radiology, LLC d/b/a
Millennium Open MRI, a/a/o William Thonday,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Marks & Fleischer, P.A., and Gary Marks (Fort Lauderdale), for appellee.

Before SCALES, HENDON and MILLER, JJ.

PER CURIAM.

Appellant United Automobile Insurance Company, an insurer, challenges a final summary judgment in favor of Millennium Radiology, LLC, a medical provider and assignee of the insured, William Thonday, in a first-party personal injury protection action.

Below, United Auto disputed the reasonableness of Millennium Radiology's charge for an MRI procedure. The trial court granted summary judgment to Millennium Radiology on the basis of collateral estoppel, finding that in a prior PIP lawsuit between the parties, a jury had made the determination that the amount charged for the MRI procedure was reasonable. On appeal, United Auto argues that the parties in the respective lawsuits are not identical because Millennium Radiology received assignment from different insureds, and thus, the "identity" element of the collateral estoppel doctrine is not satisfied.

We recently decided this issue in United Automobile Insurance Co. v. Millennium Radiology, 47 Fla. L. Weekly D175, 2022 WL 107604 at *3 (Fla. 3d DCA Jan. 12, 2022), where we held that Millennium Radiology's identity is not the same from case to case, as it draws its identity from the insured, its assignor. We recognize that the trial court did not have the benefit of this opinion at the time it entered judgment in the instant case; nevertheless, we

2

reverse the final summary judgment because the identity of the parties did not exist to warrant the application of collateral estoppel.

Reversed and remanded.